# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DOUGLAS CRAVERO,<br><br>Petitioner,<br><br>v.<br><br>DAVID SHINN, Warden,<br><br>Respondent. | Case No. CV 16-1451 BRO (MRW)<br><br>**ORDER DISMISSING HABEAS ACTION** |

The Court summarily dismisses this habeas action. Petitioner's claims are barred from relitigation because of res judicata. Moreover, the Court is without jurisdiction to review Petitioner's housing designation within the Bureau of Prisons (BOP).

\* \* \*

This is a habeas action involving an inmate at the federal prison in Victorville. Petitioner is currently serving a fifty-year federal prison term based on his conviction for organized crime offenses. (Docket # 14 at 3.) Additionally, Petitioner is subject to a life sentence in Florida based on a murder conviction.

Florida state officials have lodged a detainer with the BOP to effect his transfer to state custody at the end of his federal sentence. (Id. at 3-4.)

The petition in the present action challenges the Florida detainer. Petitioner contends that the Florida prison system "relinquished" its ability to pursue its detainer by previously transferring Petitioner to federal custody. (Petitioner escaped from state custody; prison authorities apparently agreed that he should complete his federal time before continuing to serve his state life term.) (Docket # 1 at 3; # 14 at Ex. 2.) He also contends that he is subject to adverse treatment while in federal custody –higher security designation, worse housing assignments, etc. – based on the existence of the state detainer. (Docket # 22 at 3.)

The government moved to dismiss the action on jurisdictional grounds. In its motion, the government noted that Petitioner already challenged the Florida detainer unsuccessfully in this federal court. In 2013, he filed a habeas action in the Central District of California that the Court transferred to the Northern District of Florida. (No. CV 13-5076 BRO (CW) (C.D. Cal.).) The Florida federal court upheld the validity of the detainer on the merits, finding Petitioner's "relinquishment" claim to be "frivolous." (Docket # 14 at Ex. 2.) The Eleventh Circuit denied a certificate of appealability. (Docket # 14 at Ex. 3.)

\* \* \*

The doctrine of claim preclusion, or res judicata, prohibits "successive litigation of the very same claim by the same parties." Whole Woman's Health v. Hellerstedt, ___ U.S. ___, 136 S. Ct. 2292, 2305 (2016) (internal quotation marks omitted). Res judicata precludes a new action where there is: "(1) privity between parties in the actions; (2) an identity of claims between actions; and (3) a final judgment on the merits in the previous action." United States v. Wanland, ___ F.3d ___, 2016 WL 4011175 at \*7 (July 27, 2016).

"Congress has given federal prison officials full discretion" to control conditions of confinement such as prisoner classification and eligibility for

rehabilitative programs. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Pham Huu Duc v. United States, No. CV 14-1273 SS, 2014 WL 4273252 at *4 (2014); 18 U.S.C. § 3621(b) (BOP "shall designate the place of the prisoner's imprisonment"). Consequently, a federal habeas court lacks subject matter jurisdiction to review discretionary determinations regarding inmate housing, classification, and other BOP determinations. Reeb v. Thomas, 636 F.3d 1224, 1228 (9th Cir. 2011) (federal courts "lack jurisdiction to review" claim regarding RDAP drug program participation); United States v. Ceballos, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam) (BOP has "the statutory authority to choose the locations where prisoners serve their sentence"); Bryant v. McGrew, No. CV 13-4639 GW (DTB) (C.D. Cal.), 2014 WL 3789201 (dismissing prisoner claims "regarding the impact of the state detainer on his custody classification, facility designation, and participation in rehabilitative programs"); Pham Huu Duc, 2014 WL 4273252 at *4 (same).

* * *

1.    Petitioner's challenge to the Florida detainer is barred by res judicata. He previously litigated the same issue (legality of the Florida detainer) on the merits in the district court in Florida and in the Eleventh Circuit. The named parties in the two actions are nominally different – the state department of corrections in the first action, and the local warden of the federal prison in California in the second case – but it is apparent that there is privity of interest between the state and federal correctional parties who have incarcerated Petitioner. Wanland, 2016 WL 4011175 at *7. More significantly, Petitioner fails to convincingly explain why he is now entitled to a second bite at the habeas apple. He litigated and lost on his "frivolous" claim regarding the "relinquished" Florida detainer several years ago. Res judicata prevents this Court from reevaluating the legitimacy of the Florida detainer as Petitioner requests.

2. Petitioner arguably raises a different claim with his argument that the Florida detainer has an ongoing impact on his federal confinement. Petitioner contends that inmates with detainers are "categorized differently" than other inmates, which leads to adverse security designations in custody. (Docket # 22 at 4-5.) However, the Court lacks jurisdiction to take up the BOP's internal evaluation of Petitioner's status. An inmate's classification and resulting housing assignment are precisely the types of discretionary decisions Congress left to the BOP. Moody, 429 U.S. at 88 n.9; Pham Huu Duc, 2014 WL 4273252 at *4; Ceballos, 671 F.3d at 855; Bryant, 2014 WL 3789201 at *3.

3. Petitioner does not dispute the BOP's discretionary authority to set his prison classification level. (Docket # 22 at 4.) However, he bootstraps his challenge against the BOP (adverse consequences in his housing assignment and other administrative proceedings) back to his argument that the Florida detainer has "no force of law." (Id.) Petitioner lost that argument years ago in Florida. Given the validity of the out-of-state detainer, the Court is without jurisdiction to review BOP classification decisions that flow from it.

* * *

The Court does not have jurisdiction to consider Petitioner's claims. The motion to dismiss is granted and the action is summarily DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: 9/27/16

HON. BEVERLY REID O'CONNELL
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

5